```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

MS. DOE, etc.,                    )
                                  )
        Plaintiff                 )
                                  )       Case 3:10-0412
v.                                )       Judge Campbell/Brown
                                  )
MAXIMUS, et al.,                  )
                                  )
        Defendants                )

### O R D E R

Various parties as they are served in this matter have been filing motions for extension of time to respond to the complaint. In view of the large number of individual and corporate Defendants named in this matter, the Magistrate Judge will provide that the time for responding for all parties is **June 21, 2010**, or **20 days** after service of process, whichever date is later.

The Magistrate Judge has read the complaint in this matter (Docket Entry 1). The Magistrate Judge has grave concerns whether this complaint complies with the requirements of Federal Rule of Civil Procedure 8, which sets out the general rules of pleadings.

The complaint should contain a short and plain statement of the grounds for the Court's jurisdiction. In this case, the Plaintiff alleges that she is a rape and sexual abuse victim and a resident of Davidson County, Tennessee. She alleges that the Defendants conduct business in Davidson County, Tennessee, that venue is proper in Davidson County, Tennessee, and that the Court

properly has jurisdiction over this action for damages.  What the complaint lacks, however, is some indication of exactly what violation each of the Defendants has committed against this Plaintiff.  Further, there is no indication of when any of these activities took place against the Plaintiff.

The Plaintiff has already had one case she filed dismissed for filing a complaint which failed to state a cause of action (*Ms. Doe, et al. v. Providence Community Corrections, et al.,* 3:09-cv-0671).  Although a number of corporations and individuals are named in the caption and are being served in this matter, the complaint itself contains no indication of any specific activity by them involving the Plaintiff.

Plaintiff is cautioned that violations of Federal Rule of Civil Procedure 11 may result in sanctions under Federal Rule of Civil Procedure 11(c) if the claims do not have some nonfrivolous basis in law or fact.

The Plaintiff is, of course, free to seek to amend her complaint under Rule 15.  It is apparent, from the pleadings by Defendants that have entered an appearance so far, that they are having considerable difficulty in understanding the nature of the complaint against them.

This matter is set for a Rule 16 case management conference on **July 27, 2010, at 1:00 p.m.** (Docket Entry 7).  At that hearing the Plaintiff should be prepared to show why this case

2

should be filed under the fictitious name of Ms. Doe.  The District Judge in the *Providence* case (Docket Entry 62) pointed out that the Criminal Justice Act of 1988, which purportedly provides that complainants should not be publicly identified is a doubtful applicability in this type case.  In the absence of good cause, the case will show the Plaintiff's actual name.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge